UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VIVIANA CERVANTES,<br><br>    Defendant. | No.  1:22-cr-00030-NODJ BAM<br><br>ORDER REQUIRING THE GOVERNMENT TO RESPND TO § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br>(Doc. No. 107) |

On August 2, 2023, defendant Viviana Cervantes filed with the court a one-page pro se motion to vacate, set aside or correct her sentence pursuant to 28 US.C. § 2255.  (Doc. No. 107.)[1] Therein, defendant Cervantes asserts that her conviction on one of the two counts to which she plead guilty and was sentenced – the aggravated identity theft in violation of 18 U.S.C. § 1028A as charged in Count Two of the Superseding Information – should be vacated in light of the Supreme Court's decision in *Dubin v. United States*, __U.S.__, 143 S. Ct. 1557 (2023).  (*Id*.)  In that decision, the Supreme Court stated as follows:

> A defendant "uses" another person's means of identification "in relation to" a predicate offense when this use is at the crux of what

---

[1] It appears that defendant Cervantes has been released from custody and is currently serving her 36–month term of supervised release.  (*See* Doc. No. 109.)  Defendant's pending motion would therefore not appear to be moot.  However, if defendant Cervantes no longer seeks the relief requested in the still pending motion, she shall file a notice with the court indicating that her § 2255 motion is being withdrawn.

1

makes the conduct criminal. To be clear, being at the crux of the criminality requires more than a causal relationship, such as " 'facilitation' " of the offense or being a but–for cause of its "success." *Post*, at 1575, 1576 – 1577 (GORSUCH, J., concurring in judgment). Instead, with fraud or deceit crimes like the one in this case, the means of identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to "who" is involved.

Here, petitioner's use of the patient' name was not at the crux of what made the underlying overbilling fraudulent. The crux of the healthcare fraud was a misrepresentation about the qualifications of petitioner's employee. The patient's name was an ancillary feature of the billing method employed. The Sixth Circuit's more colloquial formulation is a helpful guide, though like any rule of thumb it will have its limits. Here, however, it neatly captures the thrust of the analysis, as petitioner's fraud was in misrepresenting how and when services were provided to a patient, not who received the services.

\* \* \*

Because petitioner did not use the patient's means of identification in relation to a predicate offense within the meaning of § 1028A(a)(1), the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*Id.* at 1573–74.

Recently, the status of the pending motion and the fact that no response to it had been filed has come to the court's attention. Without expressing any view as to whether the § 1028A conviction in this case in any way runs afoul of the holding in *Dubin*, the court would be assisted by a response to the motion.

Accordingly,

1. The government is directed to file a response to the pending § 2255 motion (Doc. No. 107) within 21 days of the date of this order; and

2. Defendant Cervantes may file a reply to the government's response within 14 days of the filing of the government's response.

IT IS SO ORDERED.

Dated: **January 18, 2024**  _____
UNITED STATES DISTRICT JUDGE